# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK CLARK, INDIVIDUALLY AND JUDY CLARK, INDIVIDUALLY** | : | **CIVIL ACTION NO. 2:22-cv-_____** |
| | : | |
| **VS.** | : | **JUDGE_____** |
| | : | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | : | **MAGISTRATE JUDGE_____** |

## COMPLAINT

Plaintiffs, Mark Clark and Judy Clark, by their undersigned attorneys, alleges as follows:

## NATURE OF ACTION

1.

This is an action by Mark Clark and Judy Clark for damages against their homeowner's insurance company, State Farm Fire and Casualty Company, for its failure to pay the full sums owed under its insurance policy resulting from damages to their home caused by Hurricane Laura and Hurricane Delta.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiff, Mark Clark and Judy Clark, are citizens of the State of Louisiana. Defendant, State Farm Fire and Casualty Company (hereinafter referred to as "State Farm Fire") is a foreign insurance company domiciled in the State of Illinois. The unpaid losses due under Defendants' insurance policy exceed

$75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

**THE PARTIES**

4.

Plaintiffs, Mark Clark and Judy Clark ("the Clarks"), are adult residents of Sulphur, Louisiana.

5.

Defendant, State Farm Fire and Casualty Company ("State Farm Fire"), is a foreign insurance company domiciled in the State of Illinois and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**FACTUAL ALLEGATIONS**

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts of between 130 and 140 miles per hour.

8.

On the evening of October 9, 2020, Hurricane Delta made landfall near Creole, Louisiana, as a category 2 hurricane with sustained winds of 100 miles per hour.

9.

After making landfall, Hurricane Delta traveled north and directly hit Lake Charles, Louisiana, with hurricane-force sustained winds and gusts approaching 100 miles per hour.

10.

At the time of Hurricanes Laura and Delta, the Clarks were and still are the owners of the home and property located at 2291 Hwy 108 W, Sulphur, LA 70665 ("the home").

11.

As a result of Hurricanes Laura and Delta, the home sustained extensive damage, as well as the contents and other structures.

12.

Shortly after Hurricane Laura, the Clarks reported their losses resulting from Hurricane Laura to their insurance company and made a claim for payment of those losses.

13.

On or about October 8, 2020, an adjuster retained and/or employed by State Farm Fire inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine the Clark's

losses caused by Hurricane Laura without any limitations.

14.

At the time these damages were sustained due to Hurricanes Laura and Delta, the Clarks had in full force and effect a policy of insurance with State Farm Fire providing coverage for all the losses sustained by the Clarks to their home, other structures, and contents, as well as for debris removal and additional living expenses.

15.

Despite the fact that it should have been obvious to the adjusters retained and/or employed by State Farm Fire who inspected the home that the home was substantially damaged, State Farm Fire made woefully inadequate payments which failed to include numerous items of damage which were clearly visible to the adjuster retained and/or employed by State Farm Fire at the time of the adjuster's inspections.

16.

Because of State Farm Fire's failure to timely and adequate compensate the Clarks for their losses arising from hurricane damage, the Clarks have been forced to live in conditions far below their normal standards which has caused them mental anguish.

## CAUSES OF ACTION AND DAMAGES
### A. THE INSURANCE POLICY

17.

Mark Clark and Judy Clark reiterate and incorporate by reference all allegations in Paragraphs 1-16 above.

18.

The damages to the home and its other structures greatly exceed the amounts estimated and paid by State Farm Fire.

19.

The Clarks are entitled to recover from State Farm Fire for the additional sums needed to make full repairs to the home, its other structures, and for additional living expenses in accordance with the insurance coverages the Clarks purchased from State Farm Fire.

20.

The Clarks are entitled to recover from State Farm Fire for the full losses they suffered due to Hurricanes Laura and Delta under each of the insurance coverages the Clarks purchased from State Farm Fire.

### B.   PENALTIES AND ATTORNEY'S FEES

21.

Mark Clark and Judy Clark reiterate and incorporate by reference all allegations in Paragraphs 1-22 above.

22.

Pursuant to Louisiana Revised Statute 22:1892, State Farm Fire was required to unconditionally tender payment to the Clarks for the undisputed losses caused by Hurricane Laura within 30 days of State Farm Fire's receipt of satisfactory proof of loss when its adjusters inspected the home. State Farm Fire failed to do so.

23.

Pursuant to Louisiana Revised Statute 22:1892, State Farm Fire was required to unconditionally tender payment to the Clarks for the undisputed losses caused by Hurricane Delta within 30 days of State Farm Fire's receipt of satisfactory proof of loss when its adjusters inspected the home. State Farm Fire failed to do so.

24.

Pursuant to Louisiana Revised Statute 22:1892, State Farm Fire was required to unconditionally tender payment to the Clarks for the losses not reasonably subject to dispute caused by Hurricanes Laura and Delta within 30 days of State Farm Fire's receipt of satisfactory proof of loss when its adjusters inspected the home. State Farm Fire failed to do so.

25.

Pursuant to La. R.S. 22:1892, State Farm Fire is liable to the Clarks for a penalty of 50%, in addition to the amount of the loss, on the amount due from State Farm Fire, as well as reasonable attorney's fees and costs, for State Farm Fire's failure to unconditionally tender the amounts owed to the Clarks within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

26.

Pursuant to La. R.S. 22:1973, State Farm Fire is additionally liable to the Clarks for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for State Farm Fire's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Clarks within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

27.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute, State Farm Fire is additionally liable to the Clarks for a penalty of up to two times the actual damages the Clarks sustained or $5,000, whichever is greater.

**REQUEST FOR RELIEF**

28.

WHEREFORE, Plaintiffs, Mark Clark and Judy Clark, pray that, after due proceedings, there be a judgment rendered herein in Plaintiff's favor and against Defendant, State Farm Fire and Casualty Company, for the full amounts due under the terms of the coverages provided by Defendants' insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

                Respectfully submitted,
                **THE TOWNSLEY LAW FIRM**

BY:   */s/ Hannah E. Mayeaux*
        **HANNAH E. MAYEAUX, Bar Roll #39275**
        **DAVID H. HANCHEY, Bar Roll #19927**
        3102 Enterprise Boulevard
        Lake Charles, Louisiana 70601
        Telephone:  (337) 478-1400
        Facsimile:   (337) 478-1577
        E-mail:      hannah@townsleylawfirm.com
                      david@townsleylawfirm.com

        *ATTORNEYS FOR PLAINTIFFS, MARK CLARK AND JUDY CLARK*

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

**STATE FARM FIRE AND CASUALTY COMPANY**
Through its Agent for Service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809